Dear Representative Hickey:
This letter is in response to your question asking:
 In the absence of a state law or state authorization, may a local governmental body such as a county commission or city council enact an ordinance prohibiting compulsory union membership or support by an employee?
In your request you point out specifically that at the time of the opinion request several local governmental bodies including Caruthersville, Steele, and Hayti, Missouri, as well as the Pemiscot County Commission, have enacted "Human Rights and Employment Practices Acts" including so-called "right-to-work ordinances" which prohibit employee discrimination based on membership or support of a union. We note that none of the political subdivisions involved possess charters.
 I. Federal Preemption
The initial inquiry which must be addressed is whether the United States Congress has preempted the field of regulation of union security agreements to the extent that local political subdivisions of a state have no power to legislate in the field, as it affects interstate commerce.
Section 14(b) of the National Labor Management Relations Act, as amended, 29 U.S.C. § 164(b), provides:
 (b) Nothing in this Act shall be construed as authorizing the execution or application of agreements requiring membership in a labor organization as a condition of employment in any State or Territory in which such execution or application is prohibited by State or Territorial law.
In Kentucky State AFL-CIO v. Puckett, 391 S.W.2d 360 (Ct. App. Ky. 1965), the court held this language preempted cities from enacting right-to-work ordinances. The Court stated: "We believe Congress was willing to permit varying policies at the state level, but could not have intended to allow as many local policies as there are local political subdivisions in the nation." 391 S.W.2d at 362.
However, in Chavez v. Sargent, 52 Cal.2d 162, 339 P.2d 801,809 (banc 1959) (disapproved on other grounds, PetriCleaners, Inc. v. Automotive Employees, Laundry Drivers andHelpers Local No. 88, 53 Cal.2d 455, 2 Cal.Rptr. 470, 349 P.2d 76
(banc 1960)), the court indicated that the National Labor Management Relations Act would not preempt a local right-to-work ordinance if the employer's business did not have any relation to interstate commerce.
Thus, local right-to-work ordinances are preempted by the National Labor Management Relations Act if such relate to interstate commerce based on the principles in the above-cited cases. There are no Missouri cases on this subject.
 II. Authority to Enact Right-to-Work Ordinances
Statutory-class cities and noncharter counties have only those powers expressly granted to them, those powers implied in or incidental to those expressly granted them, and those powers essential to the municipality. Anderson v. City of Olivette,518 S.W.2d 34, 39 (Mo. 1975); State ex rel. City of BlueSprings v. McWilliams, 335 Mo. 816, 74 S.W.2d 363, 364 (banc 1934; Lancaster v. Atchison County, 352 Mo. 1039, 180 S.W.2d 706
(banc 1944). Because there is no state law authorizing statutory-class cities and noncharter counties to enact right-to-work ordinances, either expressly or impliedly, statutory-class cities and noncharter counties may not enact right-to-work ordinances.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General